IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAWN WAYNE WHITAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-600-WHA-CSC |
| | ) | [WO] |
| BARBOUR COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil rights action, brought by *pro se* Plaintiff Shawn Whitaker, is filed under the provisions of 42 U.S.C. § 1983. Whitaker, who is incarcerated at the Houston County Jail in Dothan, Alabama, files suit seeking damages and injunctive relief arising from Defendants' failure to protect him from an inmate assault during his incarceration at the Barbour County Jail in October of 2020 and for their failure to provide him with adequate medical care for injuries he sustained from the assault. Whitaker names as defendants Sheriff Tyrone Smith, Jail Administrator Denison, Correctional Officer Mayo, the Barbour County Jail, and Baker Hill EMS. Upon review, the Court concludes that dismissal of Whitaker's claims against the Barbour County Jail and Baker Hill EMS prior to service of process is appropriate under 28 U.S.C. § 1915A(b)(1).

**I.   STANDARD OF REVIEW**

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The Court must dismiss the complaint or

any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The Court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the Court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The Court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A

review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

**A.    The Barbour County Jail**

Whitaker names the Barbour County Jail as a defendant. The law is settled that

> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or

> laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) (explaining that "[g]enerally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

In light of the foregoing, the Barbour County Jail is not a legal entity subject to suit and is, therefore, due to be dismissed as a defendant under 28 U.S.C. § 1915A(b)(1).

**B.   Baker Hill EMS**

On October 29, 2020, while incarcerated at the Barbour County Jail, Whitaker was assaulted by three inmates. Whitaker states he was denied medical attention until a day after the assault when Sheriff Smith came to the jail. Defendant Baker Hill EMS advised jail officials Whitaker should be seen immediately, but Whitaker claims Defendant Denison "decided otherwise" and denied him medical attention for eighteen hours. Doc. 1 at 3.

Whitaker's claim against Baker Hill EMS fails to allege this entity was personally engaged in the alleged unconstitutional conduct about which he complains. "[S]ection 1983

4

requires proof of an affirmative causal connection between the actions taken by a particular [entity] under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). This Circuit has held that a court properly dismisses defendants where a prisoner states no allegations that associate the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) (holding that "[w]hile we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam); *see also Iqbal*, 556 U.S. at 678 (quotation marks and citation omitted) (finding that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, Whitaker fails to describe any conduct taken by Defendant Baker Hill EMS reflective of any personal involvement regarding the constitutional violations about which he complains. According to Whitaker, Baker Hill EMS advocated for his "immediate" medical evaluation but it was jail personnel who "decided otherwise." Because Whitaker asserts no connection between the conduct complained of and the actions of Defendant Baker Hill EMS regarding the alleged unconstitutional deprivations about which he complains, his Complaint against this defendant is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Barbour County Jail be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1);

2.  Plaintiff's claims against Baker Hill EMS be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915A(b)(1);

3.  The Barbour County jail and Baker Hill EMS be TERMINATED as parties; and

4.  This case be referred to the undersigned for additional proceedings.

It is ORDERED that **by September 27, 2021**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of September 2021.

      /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE